## CIRCUIT COURT OF CAROLINE COUNTY

Lilly

v.

Hart

October 20, 1988

Case No. 000067

By JUDGE WILLIAM H. LEDBETTER, JR.

In this case, Lilly sues to recover damages resulting from Hart's failure to honor the terms of an auction sale at which Hart was the highest bidder. The focus of the case is Hart's contention that the right of action accrued more than three years prior to the commencement of the suit and, consequently, relief is barred by the applicable statute of limitations.

The suit was instituted by warrant in debt in the general district court on May 31, 1988. The claim is based on "implied contract, default on purchase at trustee's sale." Upon Hart's application and affidavit, the case was removed to this court on June 22, 1988.

At a bench trial on September 28, 1988, all pertinent facts, recited below, were stipulated. After hearing evidence and arguments of counsel, the court took the matter under advisement.

On May 2, 1985, Lilly, a Bowling Green attorney, conducted a public auction for the sale of real estate on behalf of the trustee under a deed of trust. The terms of sale were set forth in the advertisement published in a local newspaper. Hart attended the auction and made the last and highest bid, in the amount of $142,000.00. On the back of a typewritten copy of the terms of sale, Hart executed an acknowledgment of his high bid.

The terms of sale required a 10% cash deposit due upon sale. Hart told Lilly that he would go to Woodbridge, obtain the cash for the deposit, and return to Lilly's office with the money that afternoon. Hart and Lilly agreed to a settlement date of May 13, 1985. (The original terms of sale called for settlement within ten days. Because the tenth day fell on a Sunday, Lilly and Hart agreed to go to settlement on Monday, May 13, 1985.) Hart did not return with the cash deposit.

On May 10, 1985, the trustee wrote to Hart admonishing him for his failure to return to Lilly's office with the deposit amount on the day of sale and reminding him that settlement was scheduled for May 13, 1985. A deed of conveyance, signed by the trustee, was prepared for delivery to Hart. Hart failed to appear at settlement and did not communicate further with the trustee or Lilly.

Thereafter, the property was re-advertised, and a second public auction was conducted on July 12, 1985. The highest bid was $76,000.00. Settlement of that transaction was concluded on July 22, 1985.

The applicable period of limitations for actions on contracts not in writing, express or implied, is three years. Virginia Code § 8.01-246(4). (Whether this agreement is a written contract, or an unwritten express contract, or an implied contract, is not an issue for the court to decide. Lilly's action is based on implied contract, and the parties agreed at trial that the statute-of-limitations issue is governed by the three-year statutory provision applicable to implied contracts.)

Hart contends that the period of limitations began to run on May 13, 1985, the date on which Hart was supposed to perform. Lilly argues that the time period began on July 12, 1985, because at all times prior to the re-sale Hart was free to conclude the purchase consistent with his high bid, and that only upon the re-sale did Lilly suffer damage.

As a general rule, the statute of limitations begins to run in actions on contract from the time the right of action arises. Normally, this is the time of the breach, rather than the time the actual damages are sustained. Thus, in the absence of a repudiation, or "anticipatory breach," which may give rise to an immediate right of action, the statute of limitations begins to run when

the agreement is to be performed or payment thereunder becomes due by its terms. Stated differently, the right of action on a contract accrues when breach of duty occurs, even though actual damages may not occur until a later date. *See* 51 Am. Jur. 2d, *Limitation of Actions* § 126; 12A M.J., *Limitation of Actions*, § 23.

Without regard to whether Hart may have repudiated the agreement at an earlier date, the statute of limitations began to run, at the latest, when time for performance passed. *Andrews v. Sams*, 233 Va. 55 (1987); *Simpson v. Scott*, 189 Va. 392 (1949).

The date fixed for performance was May 13, 1985. When that time for performance had passed, and Hart had failed to go to settlement in clear violation of his duty to do so under the agreed terms of sale, a right of action accrued. Consequently, the period of limitations began to run on May 14, 1985.

Because this suit was not commenced within three years after the date on which the right of action arose, recovery is barred.